

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. L. Washburn
County Auditor
Harris County
Houston, Texas

Dear Sir:

Opinion No. O-1011
Re: Authority of Auditor to ap-
prove expenditures described
for Tri-City Fresh Water Sup-
ply District No. 2 of Harris
County.

We acknowledge receipt of your opinion request,
and quote from your letter, as follows:

"In the proceedings for the organiza-
tion of this District, the purpose for
which the District was formed is stated
'. . . to have installed within the bounda-
ries of such district a fresh water system
to consist of the necessary well or wells,
pumping stations, water lines, sanitary
sewer lines, disposal plants, fire hy-
drants and all necessary connections there-
to, in order to establish a complete system
to furnish to the residents in said district
a supply of fresh water for domestic and com-
mercial purposes as contemplated by Article
7881 of the Revised Civil Statutes.'

"Article 7881, Revised Civil Statutes,
1925, authorizes the creation of fresh water
supply districts 'for the purpose of conserv-
ing, transporting and distributing fresh
water from lakes, pools, reservoirs, wells,
springs, creeks, and rivers for domestic and
commercial purposes, as contemplated by Sec-
tion 59, Article 16 of the State Constitution.'

Honorable H. L. Washburn, Page 2

"This broad statement of the purposes for which such districts may be formed is not elaborated upon in the succeeding articles of the chapter of which it is a part. I refer particularly to Articles 7917 and 7918.

"You will note from the statement above given of the purposes for which this particular District was formed, that the proceedings include the construction of sanitary sewer lines and disposal plants, by which I assume it is meant plants for the disposal of sewage. These purposes are not enumerated in the Article, nor in the chapter covering fresh water supply districts, Article 7881, et sequente.

" * * * I am unable, however, to satisfy myself that the authority given by the Statutes includes the construction of sanitary sewer lines and disposal plants. Such authority does not seem to me to be necessarily within the scope of the Statute.

"The bond issue will doubtless be submitted to you for approval, if that has not already been done, and I therefore write to inquire whether or not in your opinion, a district such as this is lawfully authorized to expend funds received by it, either through taxes or otherwise, for the purpose of constructing and maintaining sanitary sewer lines and disposal plants.

" * * * Proponents of the District evidently believe they can make expenditures for such sanitary sewer lines and disposal plants. This letter is not to be considered as raising any question with respect to the bond record which either has been or will be submitted to you, as I have absolutely no concern with it, but it does related to the authority of the supervisors of the District to expend the proceeds for these purposes in order that I may, as Auditor of the District, correctly approve or disapprove claims submitted to me."

Honorable H. L. Washburn, Page 3

The bond issue of the Tri-City Fresh Water Supply District No. 2 of Harris County has not been submitted to this department for approval, but doubtless will be in the near future.

In answering your question, we want it clearly understood that this opinion will in no way affect our ruling upon the bond issue if and when it is submitted to us.

The purpose clause, as stated in your letter, which includes the construction of sanitary sewer lines and disposal plants, seems a bit broad under Article 7881, et seq. But on May 11, 1939, the Galveston Court of Civil Appeals rendered an opinion in Cause No. 10,904, Cyril Ptacek, Appellant, vs. Roy Hofheinz, et al., Appellees, upholding the validity of the creation of the Tri-City Fresh Water Supply District No. 2 of Harris County. In this opinion we feel that Judge Graves clearly upheld the purpose clause of said District.

Quoting from the opinion:

"This Court agrees with the learned trial court in having overruled these presentments of the appellant, and in having held that the appellee had been duly and legally created under Article XVI, Section 59a, of the Constitution of Texas, and under Chapter Four, Title 128, of the Revised Civil Statutes of this State. * * * Neither is it further thought that there is any doubt about Revised Civil Statutes, Article 7881 being a responsive enabling act to Article XVI, Section 59a, and as such properly authorizing the creation of the appellee, for the purposes declared upon by it in its application to the Commissioners' Court."

Under this decision we feel that we would have to approve the purpose clause as set out in your letter, even though sewer lines are not specifically enumerated in Chapter Four, Title 128, of the Revised Civil Statutes.

However, it is our understanding that the appellant is appealing the case to the Supreme Court. In face of this we would not approve the bond issue until the opin-

Honorable H. L. Washburn, Page 4


ion of the Court of Civil Appeals becomes final, or same is acted upon by the Supreme Court of Texas. We also feel that no claims should be approved until the final disposition of the case of Ptacek vs. Hofheinz.

Trusting that this answers your question, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Claud O. Boothman
Assistant

COB:PG APPROVED JUL 13, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY WRK
CHAIRMAN